*Formatted for Electronic Distribution*                                                                                                   *Not for Publication*

# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF VERMONT

In re:

    **Kathy L. Jodoin**
                  **Debtor.**



Filed & Entered
On Docket
March 2, 2011

**Chapter 13 Case
# 10-11063**

## ORDER
### ON REQUEST FOR MEDIATION IN BANKRUPTCY COURT

On February 28, 2011, the Debtor filed a Request for Mediation in Bankruptcy Court (doc. # 31) (the "Request"). The Request was concise; it consisted of the following five statements:

1. At the time of the bankruptcy filing, a foreclosure case was pending in Chittenden Superior Court.
2. Judgment has issued in the [foreclosure] case.
3. The Chapter 13 Plan as submitted is contingent upon a successful mediation and mortgage mediation by Litton Loan Mortgage.
4. Debtor has been involved in a mediation with Litton Loan Mortgage for many months, and has been frustrated by the process. She recently received a denial letter from the mortgage company based on inadequacy of the paperwork and documents but she submitted and all the paper work and documents that were required.
5. Thus, [the Debtor] is seeking mediation under auspices of this court.

The Debtor may seek mediation relating to a mortgage in this Court pursuant to Standing Order # 10-01. Standing Order #10-01 provides, *inter alia*, that either party to a foreclosure action may obtain an order in this Court, to invoke the recently enacted Act Relating to Mediation in Foreclosure Proceedings (Vermont H.590) (12 V.S.A. chapter 163, subchapter 9, 12 V.S.A. §§ 4631 <u>et seq.</u>) (the "Act") to commence mediation in this Court, upon motion demonstrating cause, best interest of creditors and eligibility under the Act. Such a motion must be served on all parties in interest and may be brought using this Court's default procedure. <u>See</u> ¶ 3 of Standing Order #10-01. By contrast, if both parties agree to continue the mediation in this Court, then the Debtor is relieved of the requirement to file a motion and may simply file a document captioned as a "Notice of Participation in State Court Mediation" and attach to that Notice a copy of the State Court order referring the parties to mediation. <u>See</u> ¶ 4 of Standing Order #10-01.

        The Debtor's Request appears to seek an order directing mediation to proceed in this Court, and the record in this case establishes a preliminary showing that resolution of the mediation is essential to the success of the chapter 13 case. This is the first request to come before the Court invoking Standing

Order # 10-01 and, therefore, the Court issues this Order to clarify the requirement for obtaining relief thereunder.

The Debtor must specify whether the mediation in which she has been involved with Litton for the last several months is mediation that was conducted under the auspices of the Vermont state court and the Act, or was a voluntary process between the Debtor and Litton Loan Mortgage. Since the record does not reflect that Litton Loan Mortgage is joining the Debtor's Request, the Debtor must file, and serve on all parties in interest, a motion requesting an Order directing Litton Loan Mortgage to engage in mediation in this Court.

Accordingly, IT IS HEREBY ORDERED that the Debtor's Request is denied at this time, without prejudice to the Debtor's right to supplement the Request.

If the Debtor wishes to proceed with mediation in this Court, she must either file proof of Litton Loan Mortgage's consent to, or joinder in, the Request; or

(1) file a supplement that states

    (a)    whether the Debtor and Litton Loan Mortgage were engaged in mediation under the Act (and if so, attach a copy of the state court order referring the parties to mediation),

    (b)    any additional grounds for a finding that mediation would be in the best interest of creditors, and

    (c)    the facts upon which the Court may find that the Debtor is eligible for mediation under the Act and/or Standing Order #10-01; and

(2) file a notice of motion, on notice to all parties in interest, using the default procedure.

SO ORDERED.

                                                                     /s/ Colleen A. Brown
                                                                    _____

March 2, 2011                                                           Colleen A. Brown
Rutland, Vermont                                                  United States Bankruptcy Judge